**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

KHALID MOHAMMAD,

        Plaintiff,

vs.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT,

        Defendant.

Case No. 2:16-cv-01324-JAD-VCF

**ORDER AND REPORT & RECOMMENDATION**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF NO. 1)
COMPLAINT (ECF NO. 1-1)

      This matter involves Plaintiff Khalid Mohammad's civil rights action against Las Vegas Metropolitan Police Department ("Metro"). (ECF No. 1-1). Before the court are Mohammad's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1). For the reasons stated below, Mohammad's application to proceed *in forma pauperis* is granted and he may proceed with this action. It is recommended that Mohammad's complaint be dismissed with leave to amend.

      **I.**     ***In Forma Pauperis* Application**

      Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. The court may authorize the commencement of an action without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement showing the person is unable to pay such costs. *See* 28 U.S.C. § 1915(a)(1). The standard governing *in forma pauperis* eligibility under 28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor." Plaintiffs are eligible if they are unable to pay the costs of filing and still provide the necessities of life. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203 (1993) (internal quotations emitted).

Here, Mohammad's application to proceed i*n forma pauperis* states that he has no income and a medical bill for $1543.00. Accordingly, Mohammad's application is granted.

## II.    Section 1915(e) Screening

Under section 1915(e), upon granting a request to proceed *in forma pauperis*, a court must screen a complaint to determine whether the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e). Federal Rule of Civil Procedure 8(a) also provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court's decision in *Ashcroft v. Iqbal*, states that in order to satisfy Rule 8's requirements a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009). The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and Iqbal prescribe a two-step procedure to determine whether a complaint's allegations cross that line.

First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," *Id.* at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id*. at 681.

Second, the court must determine whether the complaint states a "plausible" claim for relief. *Id*. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted). If the factual allegation, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id*. (citing Fed. R. Civ. P. 8(a)(2)).

"The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." *Jones v. Cmty. Redev. Agency of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (internal quotations emitted). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

If the complaint should be dismissed under section 1915(e), the Plaintiff should be allowed to amend the complaint to cure its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

"To hold a police department liable for the actions of its officers, the [Plaintiff] must demonstrate a constitutional deprivation, and show that the deprivation was visited pursuant to a police department custom or policy." *Munger v. City of Glasgow Police Dept*., 227 F.3d 1082, 1088 (9th Cir. 2000). A police department "cannot be held liable under a respondeat superior theory." *Fogel v. Collins*, 531 F.3d 824, 834 (9th Cir. 2008).

During the time of the alleged events, Mohammad was a pretrial detainee at CCDC. The Supreme Court has defined a pretrial detainee as a person who has been charged with a crime but who has not yet been tried on the charge. *Bell v. Wolfish*, 441 U.S. 520, 523 (1979). The Supreme Court has held that, to ensure this person's presence at trial, the government may legally incarcerate the individual prior to a determination of their guilt or innocence. *Id*. at 523, 534 n.15; see also Nev. Rev. Stat. §§ 171 *et seq*. In order to imprison a person prior to trial, the government must comply with constitutional requirements and statutory provisions. *Wolfish*, 441 U.S. at 534 n.15.

Mohammad's complaint should be dismissed for failure to state a claim. Mohammad states he was detained "from January 2012 to September 2012 without a court order, an underlying conviction,

verdict of guilty, plea of guilty, finding of guilty, admission(s) of guilty, and/or any consent from the plaintiff for imprisonment." ECF No. 1-1. He alleges Metro promulgated a "scheme" to detain, arrest, and incarcerate him. *Id.* Mohammad does not identify Metro's "scheme". *Munger,* 227 F.3d at 1088. He does not identify a constitutional requirement or statutory provision with which the government failed to comply during his pretrial detention. *Wolfish*, 441 U.S. at 534 n.15. The court should dismiss Mohammad's complaint with leave to amend.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Mohammad's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Mohammad is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance or service of subpoenas at government expense.

IT IS RECOMMENDED that Mohammad's complaint (ECF No. 1-1) be DISMISSED with leave to amend within thirty (30) days from the date the clerk mails Mohammad the court's order dismissing the complaint. The court also recommends that if Mohammad fails to file an amended complaint within thirty (30) days his complaint should be dismissed *with prejudice*.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from

the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. LSR 2-2.

DATED this __27 day of June, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE